FILED
MAY 19 2011
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON WEBSITE

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re ) Case Number 10-64243-B-7
)
Juan Villagomez, )
)
Debtor. )
_____)

**MEMORANDUM REGARDING EX PARTE MOTION TO VACATE CHAPTER 7 DISCHARGE**

    The Debtor filed a document entitled "Ex Parte Application and Motion Notice of Intent to Set Aside Discharge of Debtor in Order to Allow Creditor to Re-affirm Debt" on May 16, 2011 (the "Ex Parte Motion"). This bankruptcy case was filed under chapter 7 on December 9, 2010. The meeting of creditors was set on January 28, 2011, and the last day for the filing of an objection to discharge was March 29, 2011. The Debtor has been represented by counsel throughout these proceedings.

    The Debtor is asking in the Ex Parte Motion that the chapter 7 discharge be vacated so he can reaffirm a debt for his automobile. Reaffirmation agreements must be made before the discharge is granted. 11 U.S.C. § 524(c)(1). The Debtor's discharge was entered without objection on April 4, 2011. The Bankruptcy Rules provide a simple procedure under Rule 4004(c)(2)[1] to delay the entry of a discharge which might be prejudicial. However, the Debtor did not file a motion to defer the entry of his chapter 7 discharge pursuant to Rule 4004(c)(2).

---

[1] Rule 4004(c)(2) provides: Notwithstanding Rule 4004(c)(1), on motion of the debtor, the court may defer the entry of an order granting a discharge for 30 days and, on motion within that period, the court may defer entry of the order to a date certain.

Had he done so, that would have prevented the discharge from being entered until a later date.

Entry of the chapter 7 discharge is mandatory and automatic. Pursuant to FRBP 4004(c)(1), the chapter 7 discharge shall be entered, absent conditions not present here, after the expiration of the time fixed for filing an objection to discharge or a motion to dismiss. In the Eastern District of California, the discharge order in most chapter 7 cases is entered by the clerk of the court; it is done automatically through the court's electronic case management system, and it is not processed through chambers.

The revocation of a discharge in chapter 7 is governed by 11 U.S.C. § 727(d). Once the chapter 7 discharge has been entered, the debtor does not have standing to request its revocation. *Markovich v. Samson (In re Markovich)*, 207 B.R. 909, 911-12 (9th Cir. BAP 1997). There is no authority in the Bankruptcy Code for the debtor to request the revocation of his discharge. *Id.* Further, the bankruptcy court does not have the inherent equitable power to revoke a properly entered chapter 7 discharge. *Id.* at 913.

Under appropriate circumstances, the bankruptcy court may vacate the discharge order altogether (as opposed to revoke its entry), under FRBP 9024 & FRCP 60(b) upon a showing that the order was entered as a result of clerical error or mistake. *Cisneros v. United States (In re Cisneros)*, 994 F.2d 1462, 1466-67 (9th Cir. 1993). However, the record here does not show that the discharge in this case was entered in error. Based thereon, the Ex Parte Motion will be DENIED.

Dated: May __19__, 2011

W. Richard Lee
United States Bankruptcy Judge